UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| PURA ORTIZ, | Civil Action No.: |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| MERCANTILE ADJUSTMENT BUREAU, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant(s). | |

-----------------------------------------------------------------X

Plaintiff PURA ORTIZ ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff PURA ORTIZ is a resident of the State of New York, residing at 2205 Wallace Avenue, Apartment 2-D, Bronx, New York 10497.

3. Defendant MERCANTILE ADJUSTMENT BUREAU, LLC is a New York

limited liability corporation with their main office at 165 Bell Drive, Suite 100, Williamsville, New York 14221.

4. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of itself or a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on or about June 1, 2015 by reporting an account attributed to Plaintiff with national credit bureau(s).

11. On or about June 2, 2015, Plaintiff sought credit assistance with Asset Protection and Management, Inc. (hereinafter referred to as "Asset.")

12. On June 15, 2015, Plaintiff sent Defendant by facsimile a power of attorney granting Asset authority to act on Plaintiff's behalf.

13. On June 15, 2015, Joy Avila, an employee of Asset, placed a telephone call to Defendant and was connected to a representative of Defendant who identified himself as "Miller." Ms. Avila thereupon confirmed Defendant's receipt of Plaintiff's power of attorney.

14. During the ensuing telephone conversation between Ms. Avila and "Miller," Ms. Avila confirmed that Plaintiff wished to dispute the subject debt.

15. "Miller" responded that disputes cannot be accepted without a "dispute packet" which must be completed by consumers and returned to defendant, saying, "In order for me to put it in dispute, I would need a complete address where to send this."

16. Ms. Avila stated that Plaintiff only wished to verbally dispute the balance.

17. "Miller" replied, "In order for us to put it in dispute, we have to send out a dispute package and they have to fill it out for the reason they're disputing it. That's [creditor's] policy. We receive that and forward it on to [creditor] for their review."

18. Ms. Avila asked if it was then true that if Plaintiff did not fill out Defendant's "packet," she would be unable to dispute.

19. "Miller" affirmed this, saying, "If she does not fill out the package and send it back to us, if she is refusing to do that, I can't put it in dispute."

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. 15 USC §1692 e – preface prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

22. Defendant is in violation of 15 USC §1692 e –preface when Defendant's representative stated repeatedly on June 15, 2015 that Plaintiff's dispute of the alleged debt could not be accepted or acknowledged, stating falsely that the reason the dispute was being rejected was because it was this specific creditor's "policy" that consumers fill out and return a "dispute package." Upon information and belief, the creditor, a public service provider, possesses no such policy. Further, as Defendant knows, or should know, pursuant to <u>Dana Clark v. Absolute Collection Service, Inc.</u>, the Fourth Circuit of the U.S. Court of Appeals found that subparagraph (3) of 15 USC §1692 g (a) of the FDCPA, as written, triggers statutory protections for consumers, affirming the right of consumers to challenge a debt orally without imposing a written requirement. The Court found further that, "Once a consumer disputes a debt orally, under section 1692 g (a)(3), a debt collector cannot communicate that consumer's credit information to others without disclosing the dispute."

23. 15 USC §1692 e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

24. Once notified, Defendant is required to mark Plaintiff's account as in dispute with the proper credit bureaus, yet despite receiving notification and being properly and rightfully informed of such dispute on June 15, 2015, Defendant failed to do so and is currently misrepresenting Plaintiff's account status, in violation of 15 USC §1692 e(8).

25. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

26. Defendant violated 15 USC §1692 f–preface by unfairly and unconscionably receiving but disregarding Plaintiff's notification of dispute and refusing to accept, honor or acknowledge said dispute or report Plaintiff's dispute to the proper credit bureaus, to the detriment of Plaintiff's credit profile.

27. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

28. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a) (3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:       September 16, 2015

                                                  Respectfully submitted,

By: *[signature]*
Edward B. Geller, Esq. (EG9763)
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone:     (914)473-6783

*Attorney for the Plaintiff* PURA ORTIZ

To:   Mercantile Adjustment Bureau, LLC
      165 Lawrence Bell Drive, Suite 100
      Williamsville, New York 14221

      *(Via Prescribed Service)*

      Clerk
      United States District Court, Southern District of New York

      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    CASE NO.:

PURA ORTIZ,

                Plaintiff,

    -against-

MERCANTILE ADJUSTMENT BUREAU, LLC,

                Defendant(s),

# COMPLAINT

Edward B. Geller, Esq., P.C., Of Counsel to

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*15 Landing Way*
*Bronx, New York 10464*
*Phone:   (914)473-6783*